### PHILADELPHIA TRUST, SAFE DEPOSIT & INS. CO. et al. v. McCOACH, Collector.

(Circuit Court, E. D. Pennsylvania. January 20, 1904.)

#### No. 14.

**1. INTERNAL REVENUE—LEGACY TAXES—VESTED REMAINDER.**

The will of a testator who died in 1901 gave to his widow a life interest in two-thirds of the income from his residuary estate, and to his daughter a similar life interest in the remaining one-third, and provided that from the death of his widow or daughter, whichever event should first happen, the whole of such income should be paid to the survivor for life. *Held*, that the daughter took a vested interest in remainder in her mother's two-thirds, which was subject to the legacy tax imposed by section 29 of the war revenue act of 1898 (Act June 13, 1898, c. 448, 30 Stat. 448 [U. S. Comp. St. 1901, p. 2286]).

Action to recover legacy tax paid to defendant as collector of internal revenue. On demurrer to plaintiff's statement of claim.

John G. Johnson, for plaintiff.

J. Whitaker Thompson and James B. Holland, for defendant.

J. B. McPHERSON, District Judge. The facts of this case differ somewhat from the facts in Land Title, etc., Co. v. McCoach (No. 52, April Sessions, 1903, in the Circuit Court for the Eastern District of Pennsylvania) 127 Fed. 381, in which an opinion has just been filed, but the governing rule is the same. The testator died May 23, 1901. His will gave to his widow, Margaret, a life interest in two-thirds of the income, and to his daughter, Mary, a similar life interest in the remaining one-third. He then provided:

"And from and immediately after the decease of my said wife, or daughter, whichever event shall first happen, I then order, will, direct, and require, the whole of the said net income and profits of my said residuary estate shall be paid to the survivor of them for and during all the term of her natural life, in the same way and manner and subject to the same restrictions, reservations and conditions as are hereinbefore set forth respecting the payment of the income as aforesaid."

By this provision, as will be observed, an estate in remainder was given to the daughter in her mother's two-thirds; and, as the mother is still living, the only question to be decided is the nature of the interest in remainder thus given to the daughter. Is it a vested or a contingent interest? If vested, the tax was properly imposed; if contingent, the plaintiff should recover the sum unlawfully exacted. For the reasons already given in Land Title, etc., Co. v. McCoach, I am of opinion that the tax was lawfully collected.

Judgment may be entered in favor of the defendant on the demurrer.